Filed 8/30/16  P. v. Tomahawk CA1/4

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE,<br><br>          Plaintiff and Respondent,<br><br>v.<br><br>CHARLINA MAY TOMAHAWK,<br><br>          Defendant and Appellant. | A147587<br><br>(Sonoma County<br>Super. Ct. No. SCR-659476) |

This is an appeal from judgment after the trial court revoked the probation of defendant Charlina May Tomahawk and ordered her to, among other things, serve four years in state prison.  After defendant filed a timely notice of appeal, appellate counsel was appointed to represent her.  Appointed counsel has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), in which he raises no issue for appeal and asks this court for an independent review of the record.  (See also *People v. Kelly* (2006) 40 Cal.4th 106, 124 (*Kelly*).) Counsel attests that defendant was advised of her right to file a supplemental brief in a timely manner, but defendant has not exercised such right.

We have examined the entire record in accordance with *Wende*.  For reasons set forth below, we agree with counsel that no arguable issue exists on appeal. Accordingly, we affirm.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

On December 12, 2014, defendant was charged by complaint with one count of assault with a deadly weapon on a peace officer. (Pen. Code, § 245, subd. (c)). According to the probation report, on December 10, 2014, police officers responded to a report of subjects in a vehicle dumping trash. Two males and two females were by a black Honda when the officers arrived at the scene. As an officer approached the group, defendant "turned towards the officers with a fixed blade knife in her right hand with the blade pointed toward the officers." Defendant then "took a step forward, closing the distance to approximately 3 to 5 feet, which Officer Rodriquez believed could be a threat to their lives."

On February 6, 2015, defendant entered a no contest plea in exchange for probation. On March 20, 2015, the court suspended imposition of sentence, and placed her on probation for three years, conditioned upon her serving time in county jail, for either one year or until such time that a bed became available at Turtle Lodge rehabilitation center.

On March 25, 2015, defendant was transferred to Turtle Lodge; that evening she violated probation by leaving the facility. The court reinstated probation and ordered her to enter and complete the Turtle Lodge program, warning her this would be the "last opportunity to actually participate in the program."

On May 21, 2015, defendant agreed to probation modification, exchanging the Turtle Lodge program condition for serving 365 days in county jail minus credits, followed by treatment as directed by the probation department. All parties expected that defendant would apply to the Friendship House program upon her release from the county jail. Defendant was required to report to the probation department within two working days from her release from custody.

Following her release from custody, defendant failed to report to the probation department. On November 4, 2015, defendant admitted to violating probation by failing to keep in contact with the probation department and by testing positive for methamphetamine.

At the January 25, 2016 probation revocation hearing, defense counsel reported that defendant had been accepted to Friendship House in San Francisco, a 3 to 6-month program with a year of aftercare through Sonoma County Indian Health Project. Defense counsel further explained that defendant had not completed the Turtle Lodge program because she was the only female there, "which made her very apprehensive and afraid of the program." Defendant asked the court to allow her to serve her probation at Friendship House. She told the court that when she was released from jail she did not have a support system in place, but now she had a place to stay, as well as a job that was waiting for her when she got out. She was regretful about the position that she had put the court in, but asked for another chance to be with her daughter and her family.

Defendant's adoptive mother, Kendall Smith, testified that defendant needed "comprehensive treatment." Smith thought that court monitored treatment was the chance for defendant to turn things around.

In rebuttal, the prosecutor argued that although defendant was "saying all the right things here today, . . . her performance in the past has demonstrated she is not amenable to Probation." The prosecutor thought defendant "should be sent to prison for the midterm."

The court denied defendant's request to serve probation at Friendship House and revoked probation, stating that defendant had already been given two opportunities to serve probation at different rehabilitation programs, which did not work out. The court added: "I understand you are an intelligent person. I think you are a good person. But you have for whatever reason anger within you that causes you to self destruct whenever you come in contact with any kind of authority."

The court imposed a four-year midterm sentence for the underlying offense, ordered $300 restitution through Department of Corrections, and suspended a second restitution fine of $300. The court awarded 712 days credit for time served, consisting of 356 days of actual custody credits and 356 good-conduct credits.

This timely appeal followed.

3

## DISCUSSION

Neither appointed counsel nor defendant has identified any issue for our review. Upon our own independent review of the record, we agree none exists. (*Wende, supra,* 25 Cal.3d 436.) The trial court revoked defendant's probation after she admitted violating its terms and conditions by testing positive for methamphetamine and by failing to keep in contact with the probation department. At this point, defendant had twice-failed to comply with court-ordered treatment.

The record reflects that defendant was represented at all relevant times by counsel, and that she freely and voluntarily admitted the underlying violations in open court after being advised by the trial court of the legal consequences. Under these circumstances, we conclude the trial court's decision to revoke probation and reinstate the sentence based upon defendant's admitted violations of its terms and conditions was proper. (See *People v. Segura* (2008) 44 Cal.4th 921, 932 ["During the period of probation, the court may revoke, modify, or change its order suspending imposition or execution of the sentence, as warranted by the defendant's conduct. ([Pen. Code] §§ 1203.2, 1203.3)"].)

Thus, having ensured defendant has received adequate and effective appellate review, we affirm the trial court's judgment. (*Kelly, supra,* 40 Cal.4th at pp. 117-119; *Wende, supra,* 25 Cal.3d 436.)

## DISPOSITION

The judgment is affirmed.

4

_____
Reardon, J

We concur:


_____
Streeter, J.


_____
Ruvolo, P.J.

5